

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2009

# Said v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Said v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1855.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1855

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1129

MAZEN FATHI SAID,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
                                        Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A74 304 372
Immigration Judge: Roxanne Hladylowycz

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 18, 2009

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 19, 2009)

OPINION

PER CURIAM

Mazen Fathi Said petitions for review of an order of the Board of Immigration

Appeals (BIA), which affirmed the Immigration Judge's (IJ's) decision ordering his

removal and denying his application for statutory withholding of removal and withholding of removal under the United Nations Convention Against Torture (CAT). We will deny the petition for review.

The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision. Said, a Palestinian Muslim, is a native and citizen of Israel. He entered the United States in 1993 as a visitor, and adjusted his status to that of lawful permanent resident in 1996. On January 21, 2005, Said was convicted in Montgomery County, Pennsylvania for the offense of burglary and theft by unlawful taking or disposition and theft of trade secrets. He was placed in removal proceedings for having committed an aggravated felony.[1] Said applied for withholding of removal and protection under the CAT. Said produced a copy of an article from a Norristown, Pennsylvania newspaper reporting his crime. A.R. 220-21. The article quoted a Magistrate Judge as saying that Said's bail was set at $2 million because of "possible links to money laundering for terrorist organizations." Said argued that Israeli officials would learn of these accusations and subject him to persecution and torture. Said also produced evidence that two of his brothers and one cousin were imprisoned and tortured by the Israeli government for anti-Israeli activities. His brother Munir Said was convicted in 1989 for spying for the Iraqi government. He was sentenced to and served 13 years in prison. A.R. 210. His affidavit alleges that he was tortured in prison. Said's

_____

[1] Said does not challenge his removability in this petition for review.

brother Nader was arrested in 1989 and accused of fundraising and money laundering for the Palestinian Liberation Organization. He served more than two years in prison, and also alleges that he was tortured. Said also produced newspaper articles regarding his brothers and their convictions. A.R. 224-36 Said argued that their political opinions would be imputed to him, which would also lead to his persecution and torture.

The IJ denied relief,[2] finding that Said's claim that the Israeli officials had or would learn of the terrorism accusation was speculative. She also found that he had not shown that he could not relocate to some other part of Israel to escape persecution. On appeal, the BIA dismissed the appeal, agreeing that Said had not met his burden of showing that it was more likely than not that he would be persecuted or tortured upon his return to Israel. The BIA agreed with the IJ that Said had not established that the Israeli Government would treat him as a terrorist suspect, even if it had or did become aware of the newspaper article mentioned above. The BIA also held that Said had "not established that he is similarly situated to his brothers or cousin who were allegedly tortured while detained by the Israeli government," and had "failed to establish that his family members' anti-Israeli positions will be imputed to him independently or as a result of the attenuated terrorism-related accusation" of the newspaper article. A.R. 3. The BIA declined to reach the alternate holding that Said could safely relocate within Israel. Said filed a

---

[2] The IJ also held that Said was statutorily eligible for withholding of removal, as his crime was not a "particularly serious crime." Said did not apply for asylum.

3

timely petition for review.

In order to obtain relief under the CAT, an alien must show that it is more likely than not that he would be tortured if he is removed to the country in question. Mulanga v. Ashcroft, 8 C.F.R. § 208.16(c)(2); 349 F.3d 123, 132 (3d Cir. 2003). To qualify for statutory withholding of removal, an alien must show that it is more likely than not that he will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion if returned to the country of removal. Singh v. Gonzales, 8 U.S.C. § 1231(b)(3)(A); 406 F.3d 191, 196 (3d Cir. 2005). Both forms of relief are mandatory if the requisite showing is made. Yusupov v. Att'y General, 518 F.3d 185, 188 (3d Cir. 2008); Mulanga, 349 F.3d at 132-33.

We agree with the BIA that Said did not meet his burden of showing that it is more likely than not that he will be persecuted or tortured in Israel. Although it is possible that the Israeli government might have learned of the newspaper article, or could learn of it in the future, we agree with the BIA that the Israeli government is unlikely to consider Said as a terrorist suspect based on a statement in a local U.S. newspaper that his bail was set at a high level because of "possible links to money laundering for terrorist organizations." We further agree that the political views of his brothers, who were accused of anti-Israeli activities nearly twenty years ago, will not necessarily be imputed to him. Said acknowledged that in the past when he made trips to Israel, even though he was carefully searched and questioned, he was always allowed to enter and leave Israel. A.R. 169-71.

Even if one considers the combined fact that a newspaper obliquely linked Said to terrorism, and that Said has relatives who were convicted of anti-Israeli crimes, we hold that the likelihood that Said will be persecuted or tortured in Israel on those bases is speculative. Said did not produce evidence showing that someone in his circumstances would more likely than not be tortured.

For the foregoing reasons, we will deny the petition for review.