NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3179
_____

MAZEN FATHI SAID,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-304-372)
Immigration Judge: Honorable Roxanne Hladylowycz

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010
Before:  MCKEE, Chief Judge, HARDIMAN and COWEN,  Circuit Judges

(Opinion Filed :June 9, 2010)

_____

OPINION
_____

PER CURIAM

Mazen Fathi Said petitions for review of the order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen.  We will deny the petition.

I.

Said is an ethnic Palestinian Muslim and a citizen of Israel. The Government charged him as removable for having been convicted of an aggravated felony, and Said applied for statutory withholding of removal and relief under the Convention Against Torture (he missed the deadline for applying for asylum). Among his claims was an assertion that two of his brothers and one of his cousins had been imprisoned and tortured for anti-Israeli activities and that the Israeli government would impute their political opinions to him. The Immigration Judge denied Said's application and ordered his removal to Israel. The BIA dismissed his appeal, and we denied his petition for review. See Said v. Att'y Gen., 312 Fed. Appx. 500 (3d Cir. 2009). In particular, we found no basis to disturb the BIA's conclusion that Said had not presented any evidence that the Israeli government would impute his relatives' opinions to him. See id. at 501-02.

Shortly thereafter, Said filed a motion to reopen his proceeding on the basis of changed country conditions—i.e., the February 2009 election of a "right wing" Israeli government and increased violence toward ethnic Palestinian Muslims. Said supported his motion with a personal affidavit, again describing his relatives' mistreatment, and some 150 pages of documentary evidence, including the 2008 Department of State country report and various news articles regarding the elections, inflammatory statements by an Israeli politician, and acts of violence against Palestinians generally. The BIA

2

denied the motion by order issued June 29, 2009, and Said petitions for review.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, and may disturb it only if it is "'arbitrary, irrational, or contrary to law.'" Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (citation omitted). We perceive no abuse of discretion here.

The BIA denied Said's motion to reopen as untimely. Motions to reopen generally must be filed within 90 days of the final administrative order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is an exception for motions to reopen on the grounds of changed country conditions that are based on evidence that is "material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

Said attempted to qualify for this exception by presenting evidence of changed conditions in Israel. The BIA, however, concluded that Said's new evidence is not "material," which we have recognized is an adequate ground on which to deny a motion to reopen. See Filja, 447 F.3d at 255. As the BIA explained, Said presented no evidence that "relates to him or his personal circumstances," and presented no evidence likely to change the outcome of his case. The BIA further noted that it previously had considered information concerning Said's relatives.

Said challenges the BIA's ruling on two primary grounds. First, he argues that the

3

BIA abused its discretion in concluding that his new evidence is not material. In particular, he argues that the BIA failed to consider his claims in light of his new evidence, which is material because it makes it more likely that the Israeli government will mistreat him as it has his relatives. We see no basis to disturb the BIA's ruling. Said does not identify any evidence of record that bears on the likelihood that he personally will be persecuted or tortured if returned to Israel. In particular, he points to no evidence of record suggesting that the new Israeli regime is more likely to impute his relatives' political opinion to him, and we have located none. Moreover, the BIA necessarily considered that possibility by concluding that Said's new evidence likely would not change the outcome of his case.

Second, Said argues that the BIA abused its discretion by failing specifically to address the majority of his evidence. As the Government argues, however, the BIA need only "show that it has reviewed the record and grasped the movant's claims" and include detail "'sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" Filja, 447 F.3d at 256 (citation omitted). In this case, the BIA's order is on the cursory side, but it accurately characterizes the nature of Said's evidence as a whole and shows that the BIA grasped and addressed his claims. Said does not specify which evidence he believes the BIA should specifically have addressed or how it supports those claims. Cf. Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (remanding where BIA failed to consider voluminous evidence "'that materially bears on

4

[the movant's] claim'") (citation omitted).

Accordingly, we cannot say that the BIA abused its discretion in denying Said's motion as untimely, and we will deny his petition for review.[1]

---

[1] Although the BIA expressly denied Said's motion as untimely, it also concluded that Said had failed to make out a prima facie case for withholding of removal or relief under Convention Against Torture. Said challenges that conclusion on review as well. We need not address that issue, however, because the BIA's denial of the motion as untimely is an adequate ground for denial regardless of whether Said made out a prima facie case. See Filja, 447 F.3d at 255.